**UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**MIDLAND/ODESSA DIVISION**

| | |
|---|---|
| **INTERACTIVE CONTENT ENGINES, LLC,**<br><br>Plaintiff<br><br>v.<br><br>**APPLE, INC.,**<br><br>Defendant | **Case No. 7:25-cv-00353-ADA** |

## PLAINTIFF'S OPPOSITION TO MOTION TO DISMISS

Plaintiff Interactive Content Engines LLC ("ICE" or "Plaintiff"), respectfully submits this Response in Opposition to Defendant Apple, Inc.'s Motion to Dismiss [Dkt. No. 16] (hereafter as "Defendant's Motion"). As shown herein, Defendant's Motion fails in all respects, inasmuch as the Complaint filed in this case more than satisfies the notice pleading requirements and goes far beyond the mere "parroting of claim language" as alleged by Apple. Defendant's Motion simply lacks merit and should be denied in its entirety.

### I. LEGAL FRAMEWORK

#### A. Pleadings and Motions to Dismiss

Under Federal Rule of Civil Procedure 8(a)(2), a pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 677–78 (2009). The purpose of pleadings is to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to

relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Bowlby v. City of Aberdeen,* 681 F.3d 215, 218 (5th Cir. 2012) (quoting *Iqbal*, 556 U.S. at 678).

A Rule 12(b)(6) motion allows a party to move for dismissal of an action when the complaint fails to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). When considering a motion to dismiss under Rule 12(b)(6), the Court must accept as true all well-pleaded facts in the plaintiff's complaint and view those facts in the light most favorable to the plaintiff. *See Network Sys. Techs. v. Samsung Electronics,* 2023 WL 6702568 at *1 (E.D. Tex. 2023) (further noting that "a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations" and further that "in the Fifth Circuit, motions to dismiss under Rule 12(b)(6) are viewed with disfavor and are rarely granted").

### B. Pleading "On Information and Belief"

The "*Twombly* plausibility standard . . . does not prevent a plaintiff from pleading facts alleged upon information and belief where the facts are peculiarly within the possession and control of the defendant or where the belief is based on factual information that makes the inference of culpability plausible." *Soo Park v. Thompson,* 851 F.3d 910, 928 (9th Cir. 2017) (quoting *Arista Records, LLC v. Doe 3,* 604 F.3d 110, 120 (2d Cir. 2010)); *see also Concha v. London,* 62 F.3d 1493, 1503 (9th Cir. 1995) ("[W]e relax pleading requirements where the relevant facts are known only to the defendant"); *Exergen Corp. v. Wal-Mart Stores, Inc.,* 575 F.3d 1312, 1330 (Fed. Cir. 2009) ("Pleading on 'information and belief' is permitted under Rule 9(b) when essential information lies uniquely within another party's control"). Indeed, "it may not be possible for a plaintiff to describe its case-in-chief with particularity at the outset of litigation, without access to the accused method, the accused apparatus for reverse engineering, or confidential data such as source code." *WiTricity Corp. v. Momentum Dynamics Corp.,*

563 F. Supp. 3d 309, 328 (D. Del. 2021); *see also Lincoln Benefit Life Co. v. AEI Life, LLC*, 800 F.3d 99, 107 n.31 (3d Cir. 2015) (recognizing: "Several Courts of Appeals accept allegations 'on information and belief' when the facts at issue are peculiarly within the defendant's possession"); *Ahern Rentals, Inc. v. EquipmentShare.com, Inc.*, 59 F.4th 948, 955 (8th Cir. 2023); *Pirelli Armstrong Tire Corp. Retiree Med. Benefits Tr. v. Walgreen Co.*, 631 F.3d 436, 442–43 (7th Cir. 2011); *Keiler v. Harlequin Enters. Ltd.*, 751 F.3d 64, 70 (2d Cir. 2014); *Innova Hosp. San Antonio, Ltd. v. Blue Cross & Blue Shield of Ga., Inc.*, 892 F.3d 719, 730 (5th Cir. 2018). As Courts have recognized, pleading on information and belief is entirely appropriate if the underlying facts are sufficient "to raise a reasonable expectation that discovery will reveal evidence in support of the alleged patent infringement." *Optimum Imaging Technologies LLC v. Canon Inc.,* 2020 WL 10357165 at *2 (E.D. Tex. 2020); *see also Marketing Object Virtualization Intelligence, LLC v. Hitachi Ltd.,* 2017 WL 11631001 at *1 (E.D. Tex. 2017) ("As the Supreme Court has explained, the plausibility requirement is not akin to a 'probability requirement at the pleading stage; it simply calls for enough facts to raise a reasonable expectation that discovery will reveal' that the defendant is liable for the alleged misconduct") (quoting *Twombley,* 550 U.S. at 556).

## II. THE CHALLENGED COMPLAINT

The sufficiency of the Complaint is plain on its face, as even a cursory review will reveal. Of course, contrary to Defendant's self-serving mischaracterization that Plaintiff "makes no attempt to map the structure of Apple's accused servers to the actual structural claim limitations," the Complaint includes claim charts which identify the infringing systems on an element-by-element basis and place Defendant on notice of what is accused. Indeed, as even the Motion admits, Apple is on express notice that its Apple TV Service "infringes the asserted patents by storing and delivering content using HTTP live streaming via servers." *See* Motion at 1. Moreover, the Complaint specifically identifies the Apple Origin Servers and Edge Cache Servers which collectively store and deliver video/media files to user's devices using

HTTP Live Streaming in an infringing manner. *See, e.g.,* Complaint at ¶ 44 [Dkt. No. 1] and at Exhibit A thereto at 2 [Dkt. No. 1-2]. The charts continue to disclose the infringing system and the manner of infringement by explaining how the accused Edge Servers necessarily communicate with the Origin Servers such that the requested video content is delivered, and that such interactions necessarily implicate the existence and use of a backbone switch having a plurality of bi-directional ports. *See* Complaint Exhibit A at 1-2 [Dkt. No. 1-2]. Such switch is required in order to facilitate the known communications between the CDN Servers and the Origin Servers. *See id.* By way of support, specific Apple source material is cited, which indicates that the Edge Cache is supplied and managed by Apple for the delivery of Apple content to consumers. *See id.* at 4-10 (including system diagrams reflecting architecture and communication pathways of the Edge Servers and Origin Servers).

The Complaint continues by identifying and explaining the means by which the Accused System incorporates a disk array comprising a plurality of disk drives, given the known fact that the Apple TV system architecture provides for the delivery of numerous individual media titles and includes a "stream segmenter" which "breaks the stream into a series of short media files." *See id.* at 10-11. The remainder of the Exhibits to the Complaint continue in like manner, such that each element of the asserted claims is mapped to the accused system and place Apple on notice of the infringement. *See generally* Complaint at Exhibits A and B [Dkt. Nos. 1-2 and 1-3]. In sum, Defendant's false assertions that the Complaint provides "conclusory allegations" which "merely parrot claim language" is demonstrably false, and Defendant's obviously incomplete claim chart excerpts in the body of the Motion establish only that Apple is on notice of the claims of infringement in this case.

Further, Defendant's reliance on *De La Vega* is misplaced, inasmuch as the Complaint in that case failed in any way to suggest how anyone performed the recited "coupling" step. Here, of course, the Exhibits explain how and why the observable and known functionality of the Apple TV system supports

the inference of a "disk array," and self-evidently the vast library of video files provided by Apple TV constitutes a "plurality of titles." To the extent Apple suggests that its on-demand video library somehow does not satisfy the "plurality of titles" limitation, such is fodder for summary judgment after claim construction and discovery – not dismissal at the pleading stage.

Still further, Apple's complaints relating to the adequacy of "information and belief" pleading are likewise meritless. Again, the supporting information cited in the claim charts establishes a base from which it is reasonable to infer the existence of the various back-end components of the infringing system. By way of example, and as discussed above, the known means by which the Edge Servers communicate with the Origin Servers in order to deliver the requested video content implicates the existence and use of a backbone switch having a plurality of bi-directional ports. Likewise, the known "stream segmenter" implementation provides a basis to infer the sub-division of titles. As noted in the Complaint, the details of Apple's back-end systems requires discovery [*see* Complaint at ¶ 40], and Defendant's Motion does not suggest otherwise.

### A. The "Backbone Switch"

Defendant makes much of the purported "heightened pleading standard" relative to the claimed "backbone switch" limitation. Of course, every element is material (as recognized in *Vervian*), and the instant claims are not directed to the complex "firmware operating upon nanometers-wide cells" of *Vervian.* Indeed, this Court has rejected similar arguments from Apple in the past. *See Lionra Techs. v. Apple, Inc.,* 2023 WL 11915728 at *2 (W.D. Tex. 2023). In any event, Plaintiff disputes the criticality of the "backbone switch" for purposes of claim allowance, and has identified the factual basis upon which the presence of an infringing switch is incorporated into the infringing system. *See supra.* Even assuming materiality, Apple's Motion admits that the novel aspect was the *placement* of the switch within the system, and the claim charts specifically instruct how and why the infringing systems necessarily include

such a switch "in order to facilitate communication *between* the CDN edge servers and origin servers." *See* Complaint Exhibit A at 2 [Dkt. No. 1-2].

### B. The Doctrine of Equivalents

The Complaint, as noted herein, plainly alleges direct infringement and satisfies that pleading standard. Contrary to Defendant's Motion, there is no separate pleading requirement for the doctrine of equivalents as long as the primary literal infringement theory is adequately pled. *See, e.g., Interpid Automation v. 3D Systems,* 2025 WL 1940192 at *2 (S.D. Cal. 2025); *Cleveland Medical Devices v. ResMed, Inc.,* 696 F.Supp.3d 4 at *9 (D. Del. 2023). As such, Defendant's Motion fails.

### C. Willfulness

Finally, Apple moves for dismissal of Plaintiff's willfulness claims. This aspect of the Motion also fails, inasmuch as a pleading which recites that the defendant has a policy or practice of not reviewing the patents of others is sufficient to plead a claim for willful infringement. *See, e.g., Fleet Connect v. Southern Tire,* 2023 WL 3105139 at *2 (E.D. Tex. 2023); *Estech Sys. v. Carvana,* 2022 WL 17727752 at *2 (E.D. Tex. 2022). In the event the Court deems such assertions inadequate at the pleading stage, Plaintiff requests that any dismissal be without prejudice to assertion after discovery.

## III. CONCLUSION

The Complaint plainly satisfies Plaintiff's pleading obligations under *Twombley/Iqbal,* and Defendant's Motion should be denied. In the alternative, and to the extent the Court deems any aspect of the Complaint to be inadequate, Plaintiff requests leave to amend the Complaint in order to address any such aspects.

//

Dated: November 12, 2025

Respectfully Submitted

*/s/ M. Scott Fuller*

M. Scott Fuller
Texas Bar No. 24036607
Georgia Bar No. 100968
sfuller@ghiplaw.com
Randall Garteiser
Texas Bar No. 24038912
California Bar No. 239829
rgarteiser@ghiplaw.com
Christopher A. Honea
Texas Bar No. 24059967
California Bar No. 232473
chonea@ghiplaw.com

**GARTEISER HONEA, PLLC**
119 W. Ferguson Street
Tyler, Texas 75702
Telephone: (903) 705-7420
Facsimile: (888) 908-4400

**ATTORNEYS FOR PLAINTIFF INTERACTIVE CONTENT ENGINES LLC**